UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Chester P. Newcomb,                                                  No. 8:05-bk-29581-CPM

                                                                  Chapter 7

          Debtor.
_____/

**MEMORANDUM OPINION ON EXEMPTION OF DEBTOR'S JOINT TAX REFUND**[1]

A debtor in bankruptcy who is married may exempt property held as tenants by the entirety even if the debtor is not joined in the bankruptcy filing by the debtor's spouse. Florida law supplies a rebuttable presumption that a married couple's joint tax refund is owned by both spouses as tenants by the entirety. In this chapter 7 case, the Debtor, who is married but filed individually, claimed his and his wife's joint tax refund as exempt tenancy by the entirety property. Because the chapter 7 trustee failed to rebut this presumption, the Court finds that the exemption was properly claimed. Hence, by separate order the Court has denied the Chapter 7 Trustee's motion for turnover of the joint tax refund.

*Background and Procedural History*

The Debtor filed his bankruptcy petition on October 20, 2005. Although the Debtor is married, his wife did not join him in the bankruptcy filing. The Debtor and his non-filing spouse filed a joint tax return for the year 2005 and received a joint income tax refund in the amount of $6,235 ("Tax Refund"). The chapter 7 trustee ("Trustee") filed a motion for turnover of estate

---

[1] This memorandum opinion is consistent with the oral ruling this Court announced in open court, which ruling is adopted in summary form in the Court's Order Denying in Part Third Amended Motion to Compel Turnover (Doc. 84). That order was not appealed. This memorandum opinion is offered as an expanded written explication of the rationale of the ruling for the benefit of parties with a similar dispute in future cases. *See Silverthorne v. Laird*, 460 F.2d 1175, 1178-79 (5th Cir. 1972) (court may memorialize a ruling and amplify it even after an appeal is filed).

property ("Turnover Motion") (Doc. 59), in which the Trustee contended that a portion of the Tax Refund was subject to turnover as property of the estate. In the Debtor's response to the Turnover Motion (Doc. 62), the Debtor argued that the Tax Refund was exempt property owned by the Debtor and his non-filing spouse as tenants by the entirety and, therefore, the Trustee was not entitled to any portion of the Tax Refund. The Debtor also amended his schedules to (i) include the Tax Refund as part of his personal property on Schedule B and (ii) exempt the Tax Refund on Schedule C as tenancy by the entirety property (Doc. 65).

After careful consideration of the arguments made at a hearing on the Turnover Motion and review of relevant case law, the Court entered an order denying the Turnover Motion (Doc. 84), finding that the Debtor properly claimed the Tax Refund as exempt tenancy by the entirety property. This memorandum opinion is offered as a more thorough explanation of the Court's ruling.

*Jurisdiction*

Pursuant to 28 U.S.C. § 1334(a) and (b), the Court has jurisdiction over the contested matter arising from the Turnover Motion. Pursuant to 28 U.S.C. § 157(b)(2)(E), the matter is within the Court's core jurisdiction.

*Analysis*

The Bankruptcy Code permits an individual debtor to exempt from property of the estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B). But the Court must first look to state law to see if the form of the property's ownership is as a tenant by the entirety or joint tenant. *See In re Caliri*, 347 B.R.

788, 796 (Bankr. M.D. Fla. 2006) ("[p]roperty interests are created and defined by state law, unless a particular federal interest requires a different result"). *See also Butner v. U.S.*, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979) (the nature of a bankrupt's interest in property is determined by state law); *In re Roman Catholic Archbishop of Portland in Oregon*, 335 B.R. 842, 854 (Bankr. D. Or. 2005) (noting that while 11 U.S.C. § 541 defines property of a bankruptcy estate, property interests are created and defined by state law). Accordingly, if the Tax Refund is tenancy by the entirety property under Florida law, then the Tax Refund is exempt under 11 U.S.C. § 522(b)(3)(B), and the Trustee cannot force its turnover.

The Florida Supreme Court has recognized that a married couple may own personal property as tenants by the entirety. In *Beal Bank, SSB v. Almand & Assocs.*, 780 So. 2d 45, 58 (Fla. 2001), the court held that a married couple's jointly owned bank accounts were entitled to a presumption of ownership in the tenancy by entirety form, provided that the account had been established by the husband and wife in accordance with the unities of possession, interest, title, and time and with right of survivorship.

Federal courts have since extended the holding of *Beal* Bank to federal tax refunds, holding that married couples can own joint income tax refunds as tenants by the entirety. *See In re Gorny*, 2008 WL 5606583 *5 (Bankr. M.D. Fla. Aug. 28, 2008) (debtor and his non-filing spouse's joint tax refund constituted tenancy by the entirety property); *In re Freeman*, 387 B.R. 871, 875 (Bankr. M.D. Fla. 2008) (debtor properly claimed joint tax refund of the debtor and her non-filing spouse as exempt tenancy by the entirety property); *In re Kossow*, 325 B.R. 478, 485 (Bankr. S.D. Fla. 2005) (the presumption of tenancy by the entireties as set forth in *Beal Bank* applies to a joint federal tax refund). *See also In re Hinton,* 378 B.R. 371, 379 (Bankr. M.D. Fla. 2007) (spouses may elect to own federal tax refunds as tenants by the entirety, but even if a joint

tax refund was arguably not tenancy by the entirety property prior to being deposited in the couple's joint bank account, once deposited in such account the deposit is owned as tenants by the entirety).

Not every court, however, has agreed that joint tax refunds constitute tenancy by the entirety property. Indeed, a split of authority on this issue exists within the Middle District of Florida. *See In re* Morine, 391 B.R. 480 (Bankr. M.D. Fla. 2008) (tax refund attributable solely to debtor's income could not qualify as tenants by the entirety property); In *re Kant*, 2006 WL 4914093 (Bankr. M.D. Fla. Apr. 12, 2006) (joint tax refund was not tenancy by the entirety property because the unity of interest was lacking given that the debtor was the sole earner).

In *Kant*, the court acknowledged that a joint income tax refund is initially presumed to be tenancy by the entirety property. However, the court further noted that the presumption afforded by *Beal Bank* is rebuttable and that one of the ways the presumption can be rebutted is by establishing that one or more of the unities required to establish a tenancy by the entirety are not present. *Kant*, 2006 WL 4919043 at *2. The *Kant* court ultimately held that the joint tax refund in question lacked unity of interest and did not, therefore, qualify for treatment as tenancy by the entirety property. *Id.* at *3. In reaching this determination, the *Kant* court relied on 26 U.S.C. § 6402(a), which permits the Internal Revenue Service ("IRS") to credit an overpayment of taxation to the person who made the overpayment. The court also cited an IRS revenue ruling for the proposition that "a husband and wife who file a joint return do not have a joint interest in an overpayment; each has a separate interest." *See* Rev. Rul. 74-611, 1974-2 C.B. 399, 1974 WL 34502 ("Revenue Ruling"). The court interpreted these authorities to mean that tax refunds are apportionable because the IRS can allocate to each spouse a pro rata share of a joint tax refund in proportion to each spouse's overpayment of taxes. Finding that the tax refund in that case was

attributable entirely to the husband's overpayment – due to the fact that the husband was the sole income earner for the tax year in question – the *Kant* court concluded that the unity of interest was not present. *Kant*, *supra,* 2006 WL 4919043 at *3.

In *Morine*, the court reached its holding in reliance on the *Kant* decision and the Revenue Ruling. Specifically, the court found that the tax refund was attributable solely to the debtor's income and not to that of his non-debtor spouse. Therefore, the court determined that the interest in the tax refund belonged solely to the debtor. Thus, the tax refund could not qualify as tenancy by the entirety property. *Morine, supra,* 391 B.R. at 482.

This Court declines to follow the rationale and holdings in *Kant* and *Morine*. Contrary to the views of my good colleagues, the undersigned concludes, consistent with the decision of the United States Court of Appeals for the Eleventh Circuit in *In re Sinnreich*, 391 F.3d 1295, 1297 (11th Cir. 2004), that 26 U.S.C. § 6402(a) and the Revenue Ruling create a narrow exception allowing *only* the IRS to defeat the unity of interest that is presumed to exist under *Beal Bank*. Other creditors must rely on some other fact or authority to rebut the presumption that spousal property is held as tenants by the entirety.

In *Sinnreich*, a creditor of the debtor sought to apply the rationale of *U.S. v. Craft*, 535 U.S. 274, 122 S. Ct. 1414, 152 L. Ed. 2d 437 (2002), to reach assets owned by the debtor and his non-filing spouse as tenants by the entirety. The Court in *Craft* had held that the IRS may attach a lien to property held as tenants by the entirety to satisfy the tax obligation of one spouse because each spouse had certain individual rights in entirety property under applicable state law, and the individual rights qualified as "property" or "rights to property" with the meaning of the Internal Revenue Code ("IRC"). *Id*. at 535 U.S. 282. The creditor in *Sinnreich* argued, therefore, that those same individual rights in entirety property could not be the subject of an

5

exemption under 11 U.S.C. § 522(b)(2)(B).[2] However, interpreting *Craft*, the Eleventh Circuit rejected the creditor's contention and held that the "unique powers" granted to the IRS by federal law to attach a lien on entirety property could not be extended to other creditors in bankruptcy cases. *Sinnreich*, *supra,* 391 F.3d at 1297.

By recognizing the unique power and ability of the IRS to "supercede" the protection that would normally be afforded to tenancy by the entirety property under state law, and by limiting that power accordingly, the *Sinnreich* court preserved the entirety protection in other contexts, including, specifically, bankruptcy and the tenancy by entirety exemption provided in § 522(b)(3)(B). *Id*. at 1298. "The *Craft* Court gave no indication that its holding could be extended beyond a tax collection context . . . . To extend to bankruptcy creditors *Craft*'s holding that the statutory powers of the IRS enumerated in 26 U.S.C. § 6321 permitted it to attach a lien to property rights held in tenancy by the entireties, despite state law, would impermissibly render § 522(b)(3)(B) of the Bankruptcy Code superfluous." *Id.*

If creditors other than the IRS were permitted to rely on the IRS's authority to allocate a portion of a joint tax refund to individual spouses as the basis for rebutting the tenancy by entirety presumption, then a debtor could never establish a tenancy by the entirety in a joint tax refund. Whether a debtor contributed all (as in *Kant* and *Morine*), none, or a portion of the overpayment, the joint tax refund would always be subject to attack by any creditor of just one of the spouses, with the allocation based on 26 U.S.C. § 6402(a). Such a result runs contrary to the limitations imposed by *Sinnreich* and to the presumption of entirety property afforded by *Beal Bank*.

---

[2] The subsequently enacted Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 renumbered this subsection as 11 U.S.C. § 522(b)(3)(B).

Just because the IRC provides the IRS with a method of dividing a tax refund does not necessarily mean that a married couple cannot still possess the intent to own the joint tax refund as tenants by the entirety. In other words, notwithstanding the IRS's power to allocate, a married couple can still intend to own a joint tax refund as tenants by the entirety. To hold as a matter of law[3] that 26 U.S.C. § 6402(a) precludes the creation of a tenancy by the entirety in a joint tax refund overlooks—and automatically negates—the married couple's intent and would clearly be inconsistent with the presumption afforded by *Beal Bank*.

This Court holds that the determination of whether a debtor and his non-filing spouse may claim a joint tax refund as exempt tenancy by the entirety property must be determined under applicable state law. As Judge Paul G. Hyman, Jr. noted in *Kossow*, the policy justifications supporting tenancy by the entirety ownership of bank accounts set forth in *Beal Bank* should apply with equal force to joint tax refunds, subject to the rebuttable presumption discussed in *Beal*. The presumption operates to shift the burden of proof to the trustee to prove by a preponderance of evidence that the debtor and his spouse did not intend their joint tax refund to be tenancy by the entirety property. *Kossow*, 325 B.R. at 485.

Proof of intent not to create tenancy by entirety property may be established by a prenuptial agreement. *Id.* at 488 (noting that a stated intent to separate tax liability may demonstrate an intent not to create a tenancy by the entirety in a tax refund). Such proof could, of course, also exist in the form of express consent to allocate ownership of a joint tax refund or an express disclaimer of the tenancy by entirety form of ownership. *In re Mathews*, 307 Fed. Appx. 266, 268 (11th Cir. 2009) (affirming bankruptcy and district courts' finding that debtor

---

[3] The *Kant* court did not frame its holding in these terms, writing instead that "a husband and wife *may* not have the unity of interest in a tax refund that is necessary for a tenancy by the entireties" and concluding that *"[i]n this case*, it appears that the spouses do not have a unity of interest in the tax refund." 2006 WL 4919043 at *3 (emphasis supplied). However, based on the court's rationale and reliance on 26 U.S.C. § 6402(a), it appears that the same result would always be reached and that the presumption would always be rebutted.

had not expressly disclaimed a tenancy by the entirety merely by checking "joint tenants with rights of survivorship" box instead of checking "other" and writing in "tenancy by the entireties").[4]  Absent such proof, the presumption that a tenancy by the entirety was created in a joint tax refund is not rebutted.

Here, the Trustee failed to offer any extrinsic evidence to rebut the *Beal Bank* presumption or to satisfy her burden that a tenancy by the entirety was not created in the joint tax refund.  Consequently, the Court must find and conclude that the Debtor properly claimed the Tax Refund exempt tenancy by the entirety property and that the Trustee's Turnover Motion should be denied.

BY THE COURT

*Catherine M. McEwen*

Catherine Peek McEwen
United States Bankruptcy Judge

---

[4] While this decision had not been rendered at the time the parties argued the contested matter in the present case and was not mentioned in the Court's oral ruling, it is offered as further support of this Court's position that (i) whether a tenancy by the entirety exists is primarily one of intent, and (ii) the *Beal Bank* presumption should apply and should not be deemed rebutted absent proof that such intent is lacking or one of the requisite unities is absent.